UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

        Plaintiff,        CASE NO. 16-10500
                                    HON. DENISE PAGE HOOD
v.

BREANNA BROWN,
CHARLES H. BROWN,

        Defendants.
_____/

**ORDER GRANTING DEFENDANT BREANNA BROWN'S MOTION FOR SUMMARY JUDGMENT [#21] AND DENYING DEFENDANT CHARLES H. BROWN'S MOTION FOR SUMMARY JUDGMENT [#17]**

**I.    BACKGROUND**

On February 11, 2016, Interpleader-Plaintiff Metropolitan Life Insurance Company ("MetLife") filed a Complaint in Interpleader against Defendants Breanna Brown and Charles H. Brown because MetLife, as claim fiduciary, could not determine the proper beneficiary(ies) of the remaining benefits under an employee welfare benefit plan. (Doc # 1) MetLife has been dismissed from this action pursuant to a Stipulated Order, dated June 3, 2016, after having deposited into the Registry of the Court in an interest bearing account the group life insurance benefits at issue. (Doc # 14) On September 19, 2016, Charles H. Brown

1

filed a Motion for Summary Judgment. (Doc # 17) On September 22, 2016, Breanna Brown filed a Motion for Summary Judgment. (Doc # 21) On October 10, 2016, Breanna Brown filed a Response to Charles H. Brown's Motion. (Doc # 23)

The Decedent, Charles A. Brown, an employee of Fiat Chrysler Automobiles, had a life insurance policy through FCA US LLC Group Life Insurance Plan (the "Plan"), an employee welfare benefit plan issued by MetLife and regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001 *et seq.* Pursuant to the Summary Plan Description, Decedent was entitled to designate beneficiaries as follows:

> You may designate or change your beneficiary at any time . . . . If you designate more than one beneficiary, the surviving beneficiaries will share equally, unless you specify otherwise. If you do not designate a beneficiary, or if at your death, no designated beneficiary is living, your benefits will be distributed as follows:
> - To your surviving spouse;
> - Equally to your surviving children;
> - Equally to your parents or the survivor of them;
> - Equally to your surviving brothers and sisters; or
> - To your executors or administrators.

(Doc # 1-2, Pg ID 21-22) The Certificate of Insurance also stated that Decedent could designate beneficiaries as follows:

> You may designate a Beneficiary in Your application or enrollment form. . . . If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally. If there is no

> Beneficiary designated or no surviving Beneficiary at your death, We will determine the Beneficiary according to the following order:
> - Your Spouse, if alive;
> - Your child(ren), if there is no surviving Spouse;
> - Your parent(s), if there is no surviving child;
> - Your siblings, if there is no surviving parent; or
> - Your estate, if there is no surviving sibling.

(Doc # 1-3, Pg ID 28)

Defendants agree that the only beneficiary designation form ("Designation Form") on file with MetLife at the time of Decedent's death is dated August 17, 1994. (Doc # 1-4, Pg ID 30) It is undisputed that the Designation Form names two individuals, each as 50% Primary Beneficiary. *Id.* It first names "Charles A. Brown," and under the space designated for identifying the "Relationship" of Charles A. Brown, the Designation Form is blank. *Id.* The Designation Form then names "Breanna C. Brown," and under the space designated for identifying the "Relationship" of Breanna C. Brown, the Designation Form identifies her as "Daughter." *Id.* Defendants agree that there is no Charles A. Brown, other than Decedent himself, who is related to or connected to Decedent, and that there is no known friend or acquaintance of Decedent who also bore that name. It is undisputed that Breanna Brown was three years old when Decedent completed the Designation Form.

Decedent died on November 16, 2014. (Doc # 1-5, Pg ID 32) The parties agree that, at the time of his death, Decedent was enrolled for life insurance

3

coverage in the amount of $64,000.00. Following his death, his daughter, Breanna Brown, received 50% of the Plan Benefits, an amount of $32,250.00. (Doc # 14, Pg ID 80) On January 14, 2015, Breanna Brown claimed 100% of the Plan Benefits. (Doc # 1-6, Pg ID 35-36) On June 22, 2015, Charles H. Brown, Decedent's father, claimed the remaining 50% of the Plan Benefits. (Doc # 1-8, Pg ID 42-43) MetLife advised Defendants that their claims were adverse to one another and could not be resolved by MetLife without exposing the Plan to double liability. (Doc # 1-9, Pg ID 46) It is undisputed that Decedent was never married, that Breanna Brown was his only child, and that Decedent's mother pre-deceased him.

## II. ANALYSIS

### A. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the

Court must view admissible evidence in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B. Determining the Proper Beneficiary of the Remaining 50% of the Plan Benefits**

Through the instant Motions, the parties agree that there are no genuine issues of material fact in this case. The parties rely solely on Plan documents and law, and argue solely about how to determine the proper Beneficiary of the remaining 50% of the Plan Benefits.

Charles H. Brown relies on Michigan law and argues that parol evidence should be admitted to show Decedent's intention because the Designation Form is

5

ambiguous; however, he points to no extrinsic parol evidence for the Court to consider. Charles H. Brown argues that Decedent's intent would be "perverted" if Breanna Brown were to receive 100% of the Plan Benefits because Decedent specified in the Designation Form that he only wanted her to receive 50%. Charles H. Brown further argues that, because it "makes no sense" that Decedent would have intended to name himself as Beneficiary of his own life insurance policy, Decedent's intent must have been to designate Charles H. Brown, his father, as 50% Primary Beneficiary, and that Decedent simply made a typographical mistake with respect to his father's middle initial.

Breanna Brown asserts that, under the Plan, Decedent could name whomever he liked as Beneficiary, including himself. She argues that ERISA does not allow for speculation regarding why Decedent would have named himself as his own Beneficiary; rather, ERISA directs that Beneficiaries be paid as per the plan documents. Breanna Brown argues that, even if Decedent's designation of himself failed, the remaining Plan Benefits would still flow only to Breanna Brown pursuant to the Plan documents because Decedent is deceased, there is no surviving spouse, and Breanna Brown is the sole surviving child. Likewise, if the Designation Form is interpreted as designating Decedent's estate as Beneficiary, then the remaining Plan Benefits would still flow only to Breanna Brown because Decedent died intestate, and Breanna Brown is his only descendant by

6

representation. Breanna Brown also argues that the Designation Form is clear, and that consistent with it, the remaining 50% of the Plan Benefits should be distributed to Charles A. Brown. Since he is deceased, as since he has no surviving spouse, the remaining 50% of the Plan Benefits should be distributed to Breanna Brown, his sole surviving child. Breanna Brown further argues that, even if Michigan law were not pre-empted by ERISA, Charles H. Brown has produced no evidence of an intent of Decedent to name him as Beneficiary or evidence that the Designation Form is ambiguous. Breanna Brown notes that the Designation Form is clear on its face, designating "Charles A. Brown" as Beneficiary with the space designated for identifying the "Relationship" left notably blank. If Decedent intended to designate Charles H. Brown as 50% Primary Beneficiary, then he would have filled in the space with "Father" in the same way that he identified Breanna Brown as "Daughter" in the same Designation Form; he did not do so because he intended to name himself.

ERISA is designed to protect plan participants and beneficiaries, and to enable employers "to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9 (1987); *see Boggs v. Boggs*, 520 U.S. 833, 845 (1997). "ERISA's express pre-emption clause states that the Act 'shall supersede any and all State laws insofar as they may now or

7

hereafter relate to any employee benefit plan . . . .'" *Boggs*, 520 U.S. at 841 (quoting 29 U.S.C. § 1144(a)). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

A claim fiduciary must administer claims "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). Determination of beneficiary status in accordance with plan documents is an "area of core ERISA concern." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001). ERISA mandates that payments be made to a "beneficiary" who is "designated by a participant, or by the terms of an employee benefit plan." 29 U.S.C. § 1002(8). The Supreme Court has held that, to the extent that state law conflicts with ERISA's requirement that plan benefits be paid in accordance with plan documents, "it has a 'connection with' ERISA plans and is therefore pre-empted." *Egelhoff*, 532 U.S. at 150. In *Kennedy v. Plan Adm'r for DuPont Sav. And Inv. Plan*, the Supreme Court stressed the "bright-line requirement to follow plan documents in distributing benefits," noting the following:

> [B]y giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: simple administration, avoiding

8

> double liability, and ensuring that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules.

555 U.S. 285, 301-02 (2009) (internal quotations and citation omitted).

The Sixth Circuit has held that, in determining plan beneficiaries, the plan documents control, noting that this "fulfills the intent of Congress that ERISA plans be uniform in their interpretation and simple in their application." *McMillan v. Parrott*, 913 F.2d 310, 312 (1990); *see Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (1996). As the Sixth Circuit has explained, "[a] participant is master of his own ERISA plan." *Parrott*, 913 F.2d at 312. The participant's intent is determined by the designation on file, and the participant's designation controls. *Id.*

Accordingly, the Court turns to the Plan documents in this case. Here, the Plan documents state: "If you die from any cause while group life insurance is in force, the amount of your insurance is paid to your designated beneficiary(ies)." (Doc # 1-2, Pg ID 19) Plan documents specify how to designate a beneficiary and how to make changes to the designation. Plan documents further specify how benefits will be distributed in the event that a designated beneficiary is not living. Nothing in the Plan documents prevented the Plan Participant from designating himself as Beneficiary. Under our precedent, Decedent's intent is determined by the Designation Form, the Designation Form and Plan documents control, and there are no further inquiries into intent. Decedent designated the following

Beneficiaries on his Designation Form in the manner prescribed by the Plan: (1) Decedent himself, "Charles A. Brown," with the "Relationship" space left notably blank; and (2) his daughter, "Breanna C. Brown," with the "Relationship" space indicating "Daughter." That is the end of the inquiry into Decedent's intent, and even if the Court were willing to entertain the argument that any evidence beyond the Plan documents should be considered here, the fact is that Charles H. Brown has produced no evidence that Decedent intended to name him as Beneficiary, and the name "Charles H. Brown" and/or the word "Father" do not appear anywhere on the Designation Form. While it is odd, perhaps absurd, for a participant to designate himself (or his estate at a time when there is no estate and the beneficiary of a future estate is unknown) as beneficiary of his own life insurance policy, it does not follow that the Designation Form and other Plan documents should be ignored. The Court finds that, because Decedent and Beneficiary Charles A. Brown is deceased, the remaining Plan Benefits flow to Breanna Brown pursuant to the Plan documents given that there is no surviving spouse, and Breanna Brown is Decedent's sole surviving child.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Charles H. Brown's Motion for Summary Judgment (Doc # 17) is DENIED.

IT IS FURTHER ORDERED that Defendant Breanna Brown's Motion for Summary Judgment (Doc # 21) is GRANTED.

IT IS FURTHER ORDERED that the parties shall submit, after approval by the Financial Department, Clerk's Office, a proposed order regarding the disbursement of funds as set forth in Local Rule 67.1. *See* E.D. Mich. LR 67.1(b).


Dated: April 28, 2017                     s/Denise Page Hood
                                          Chief, U.S. District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2017, by electronic and/or ordinary mail.

                    s/Julie Owens acting in the absence of LaShawn R. Saulsberry
                                          Case Manager